**William L. HASHWAY,**
**Plaintiff, Appellant,**

v.

**CIBA–GEIGY CORPORATION,**
**Defendant, Appellee.**

**No. 84–1397.**

United States Court of Appeals,
First Circuit.

Submitted Feb. 8, 1985.

Decided Feb. 26, 1985.

ond, rather difficult to comprehend, appears to say that he was wrongfully discharged for making a Workers' Compensation Claim. The third alleges that defendant paid what was due plaintiff under its Investment Savings Plan to plaintiff's wife instead of to him. Defendant responded with a Motion to Dismiss, allegedly filed pursuant to F.R.Civ.P. 12(b). Since the motion included factual grounds set forth in an "incorporated" memorandum of law, we must treat it as a motion for summary judgment under F.R.Civ.P. 56.

The accompanying memorandum of law was replete with references to an affidavit, depositions, and the transcript of a Workers' Compensation hearing. However, defendant's submitted appendix on appeal does not contain the affidavit, and contains only portions of the rest. The record does include a copy of a release, and since the court dismissed on that ground alone we will consider it and not the various other defenses defendant sought to raise. On that basis we reverse.

The record shows that, after sustaining an allegedly work-connected injury, plaintiff made claim upon defendant's Workers' Compensation carrier. After discharge of his attorney plaintiff entered into a lump sum settlement with the carrier, and executed, subject to approval for fairness by the Commission, the following release.

William L. Hashway, pro se.

Daniel K. Kinder and Powers & McAndrew, Providence, R.I., on brief, for defendant, appellee.

Before BREYER, ALDRICH and TORRUELLA, Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

Plaintiff Hashway sued his former employer, Ciba-Geigy Corp., in three counts. The first sought severance pay pursuant to a so-called "Long-Term Disability Plan," an alleged contract contained in a document entitled "Ciba-Geigy and You." The sec-

### GENERAL RELEASE

Know all Men, That I, William Hashway, of the Town of Cumberland, State of Rhode Island, in consideration of the sum of Thirty-Six Thousand ($36,000) Dollars to me paid by Ciba-Geigy Corp. and Insurance Company of North America the receipt whereof is hereby acknowledged, do hereby remise, release and forever quitclaim unto said Ciba-Geigy Corp. and Insurance Company of North America its or their successors and assigns, all and any manner of actions, cause of actions, debts, dues, claims and demands, both in law and equity more especially, all claims for compensation due under the Workers' Compensation

Act of the State of Rhode Island, in connection with that certain accident which occurred on the 3rd day of December, 1975, which against said Ciba-Geigy Corp. I, the said William Hashway ever had, now have, or in the future may have for or by reason or means of any matter or thing from the beginning of the world to the day of the date of these presents.

The district court held that, the Commission having approved the settlement, the release was unambiguous, and that if plaintiff made a mistake, the mistake was unilateral, and reformation for a unilateral mistake is impermissible. *Boccarossa v. Watkins*, 112 R.I. 551, 556–57, 313 A.2d 135 (1973). The court erred in two respects, as examination of the Commission hearing makes apparent.

The fairness hearing was attended by the unrepresented plaintiff, counsel for the carrier, and counsel for the defendant. The following, inter alia, transpired. Commissioner to plaintiff,

Q. "You have settled your case directly with the Insurance Company of North America for $36,000.00?"

A. "Yes."

. . . .

Q. "You understand that if you settle this case today for the total sum of $36,-000.00, that you will no longer have any claim for your compensable injury against Ciba-Geigy or Insurance Company of North America?"

A. "Yes."

Q. "If you have to go back to a hospital or doctor, you have to pay for it yourself?"

A. "Yes."

Elsewhere the transcript makes clear that, contrary to the statement in the release that the $36,000 was paid by defendant and the carrier, it was paid by the carrier alone, and that plaintiff was so informed. Thus not only was it represented to plaintiff, affirmatively by the carrier and by defendant's counsel's silence, that $36,000 was being paid for plaintiff's Workers' Comp. claim, but the Commissioner passed upon that figure, not $36,000 minus whatever might be the value of plaintiff's other, totally independent claims, of a totally unknown amount. For defendant to say now that $36,000 was pro tanto incorrect would be, in effect, a fraud upon the Commission. It should be estopped from so doing.

The same result would be reached by proper application of the doctrine of mistake. A mistake by one party with knowledge thereof by the other is equivalent to a mutual mistake; a party should not be benefitted by a mistake he knew the other had made. *Century Plastic Corp. v. Tupper Corp.*, 333 Mass. 531, 533–36, 131 N.E.2d 740 (1956); 13 W. Jaeger, Williston on Contracts § 1577 (Supp.1984), § 1578 (3d ed. 1970); *see Perkins v. Kirby*, 39 R.I. 343, 362, 97 Atl. 884 (1916); *Votta v. Johnson*, 89 R.I. 71, 74–76, 151 A.2d 112 (1959); *cf. Vanderford v. Kettelle*, 75 R.I. 130, 142, 64 A.2d 483 (1949). Having in mind that plaintiff was told it was the carrier that was paying the money, and that giving the release meant, "You will no longer have any claim for *compensable injury*," (emphasis suppl.) it must be manifest that he would be thinking in terms of payment for his injury, and not for some unrelated claims as between himself and his employer. If defendant, at the time, was ignorant of the existence of other claims, there would have been a mutual mistake that should be rectified. If it was aware, and slyly kept silent, the result should be the same. This is not to say that reformation of releases is easily accomplished but the total circumstances here of record are irrefutable, and are peculiarly compelling.

The dismissal is reversed, and, on remand, the release is to be excluded.